**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ——————————————————X | |
| CHARLES SMITH, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| EMERGENT BUSINESS GROUP, INC., JOHN DOES 1-50 and ABC CORP. 1-50, | |
| Defendants. | |
| ——————————————————X | |

Plaintiff, CHARLES SMITH, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants EMERGENT BUSINESS GROUP, INC. JOHN DOES 1-50 , and ABC CORP. 1-50 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for statutory damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices

Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

2.  Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

## DEFINITIONS

3.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

4.  Plaintiff demands a jury trial on all issues.

## PARTIES

2.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

3.  Plaintiff is a natural person, a resident of Ocean Count, in the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

4.  Emergent Business Group, Inc. ("EBG") maintains a location at 100 Lakeside Drive, Suite 150, Horsham, PA  19044.

5.  Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

6.      Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

7.      John Does 1-50 and ABC Corp., are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a state-wide class action, pursuant to Rule 26 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

9.      This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who EBG collected or attempted to collect a debt from, which was owned or originated by MAXLEND, INC. and which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined.

    The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were subjected to the Defendant's conduct that violates specific provisions of the FDCPA. Plaintiff is complaining of a standard form conduct.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether the Defendants violated various provisions of the FDCPA;

  b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to October 20, 2022, Plaintiff allegedly incurred a financial obligation/debt ("the Debt") to MAKES CENTS, INC. dba MAXLEND ("MAXLEND").

16.    MAXLEND makes "pay days loans" which are illegal in New Jersey.

17.    MAXLEND's pay day loans charge a usurious amount of interest to the consumer.

18.    Under the terms of MAXLEND'S loan to Plaintiff, the annual percentage rate on the loan was 419.91% -- more than 10 times the rate of what lender can legally charge in New Jersey.

19.     The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

20.     Plaintiff incurred the obligation in connection with a personal loan.

21.     Plaintiff did not incur the obligation for business purposes.

22.     The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     MAXLEND is a "creditor" as defined by 15. U.S.C. § 1692a(4).

24.     Some time prior to October 20, 2022, the obligation was referred to EBG by MAXLEND for the purpose of collections.

25.     The principal purpose of EBG is the collection of debts which are in default at the time it purchases the debts.

26.     MAXLEND did not obtain a license from the New Jersey Department of Banking and Insurance prior to EBG making attempts to collect the MAXLEND obligation as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

27.     EBG caused to be delivered to Plaintiff a collection email dated October 20, 2022, which was addressed to Plaintiff.  See **Exhibit A,** which is fully incorporated herein by reference.

28.     EBG caused to be delivered to Plaintiff a collection email dated December 9, 2022, which was addressed to Plaintiff.  See **Exhibit B,** which is fully incorporated herein by reference.

29.    EBG caused to be delivered to Plaintiff a collection email dated April 6, 2023, which was addressed to Plaintiff.    See **Exhibit C,** which is fully incorporated herein by reference.

30.    Upon receipt, Plaintiff read and relied on the statements and representations in Exhibits A, B and C.

31.    At all times relevant herein, MAXLEND derived income from sources within New Jersey.

32.    At all times relevant herein, MAXLEND transacted business in New Jersey.

33.    MAXLEND is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

34.    MAXLEND is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

35.    MAXLEND is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

36.    The MAXLEND obligation is an open-end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

37.    Alternatively, the MAXLEND obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

38.    MAXLEND engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

39.    MAXLEND engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

40.    At all times relevant to this matter, MAXLEND did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act.

41.     At all times relevant to this matter, MAXLEND did not obtain a license issued by the New Jersey Department of Banking and Insurance.

42.     At all times relevant to this matter, MAXLEND did not obtain a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

43.     At no time was EBG authorized to collect the MAXLEND obligation.

44.     As MAXLEND did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times relevant herein, EBG was prohibited from attempting to collect on the MAXLEND obligation.

45.     At the time that EGB attempted to collect the MAXLEND loan from Plaintiff, EGB knew or should have known that the Debt was an illegal Payday Loan.

46.     At the time that EGB attempted to collect the MAXLEND loan from Plaintiff, EGB knew or should have known that the Debt was an illegal Payday Loan.

47.     The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses.  See 15 U.S.C. § 1692(e).

48.     EBG knew or should have known that its actions violated the FDCPA.

49.     Plaintiff made payments on the debt obligation to MAXLEND, EBG and their predecessors.

50.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

51.     It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     Falsely representing the character or legal status of a debt;
>
> (c)     Threatening to take any action that cannot legally be taken or that is not intended to be taken; and
>
> (d)     Using unfair or unconscionable means to collect or attempt to collect any debt.

52.     On information and belief, Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of MAXLEND

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

53.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

54.     Collection communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55.     Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

56.     Defendants' communications would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

57.     Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that MAXLEND had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

58.     A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

59.     Defendants' attempt to collect the alleged debt without MAXLEND first obtaining the license(s) and/or registrations necessary under New Jersey law violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

60.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

61.     As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

62.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

63.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

65.     As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

66.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character or legal status of a debt.

67.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

68.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the MAXLEND obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

69.    15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

70.    Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

71.    As described herein, Defendants violated 15 U.S.C. § 1692e(5).

72.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73.    Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

74.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

75.    15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

76.    Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

77.    Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

78.    Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

79.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

80.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82.    Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class damages, including but not limited to a disgorgement of all money collected during the relevant period;

(c)    Awarding attorneys' fees and costs;

(d)    Awarding pre and post-judgment interest.

(e)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
             October 20, 2023

Respectfully submitted,


By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B

Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 20, 2023                    By: <u>s/ Lawrence C. Hersh</u>
                                           Lawrence C. Hersh, Esq

EXHIBIT A

From: <Reply@emergentbg.com>
Date: Thu, Oct 20, 2022 at 3:14 PM
Subject: Your MaxLend Account - xxxxxxxxx1521
To: Charles <charlie.smith31@gmail.com>

EBG Logo
PO Box 190
Horsham, PA 19044

| | |
|---|---|
| **Office Hours:** | M-TH 8:00AM - 9:00PM EST |
| | Fri. 8:00AM - 5:00PM EST |
| | Sat. 8:00AM - 1:00PM EST |
| **Office Phone** | 800-553-8647 |

| | |
|---|---|
| **Current Creditor:** | Maxlend |
| **Emergent Acct #:** | 708351 |
| **Original Creditor:** | MaxLend |
| **Original Acct#:** | 162161521 |
| **Current Balance:** | $1,727.40 |

Charles Smith
45 Bobolink Blvd
Browns Mills, NJ 08015

October 20, 2022

Dear Charles

**Settlement Offer**

We are pleased to inform you of the following settlement options to resolve your account.

**- Option 1**
You can settle this account by making a lump sum payment of $690.96 to be received in our office no later than thirty (30) days from the date of this letter. (60% discount)

**- Option 2**
You can settle this account by making up to 12 payments of $100.77 with the 1st payment to be received in our office no later than thirty (30) days from the date of this letter. Payments 2-12 are due by the 30th of each following month. (30% discount)

**- Option 3**
You can contact our office to discuss a payment arrangement that fits your financial situation.

You can take advantage of this offer by making payment(s) online at EMERGENTBG.COM, by phone at 800-553-8647 or by mail at the address above.

Sincerely,
Emergent Servicing


**IMPORTANT INFORMATION CONTINUED BELOW**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**CALLS TO AND FROM EMERGENT SERVICING MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

***Click here to unsubscribe from future emails***

EXHIBIT B

From: <Reply@emergentbg.com>
Date: Fri, Dec 9, 2022 at 4:34 PM
Subject: "Settlement Offer" - Your MaxLend Account - xxxxxxxxx1521
To: Charles <charlie.smith31@gmail.com>

EBG Logo
PO Box 190
Horsham, PA 19044

| | |
|---|---|
| **Office Hours:** | M-TH 8:00AM - 9:00PM EST |
| | Fri. 8:00AM - 5:00PM EST |
| | Sat. 8:00AM - 1:00PM EST |
| **Office Phone** | 800-553-8647 |

| | |
|---|---|
| **Current Creditor:** | Maxlend |
| **Emergent Acct #:** | 708351 |
| **Original Creditor:** | MaxLend |
| **Original Acct#:** | 162161521 |
| **Current Balance:** | $1,727.40 |

Charles Smith
45 Bobolink Blvd
Browns Mills, NJ 08015

December 09, 2022

Dear Charles

**Settlement Offer**

We are pleased to inform you of the following settlement options to resolve your account.

**- Option 1**
You can settle this account by making a lump sum payment of $690.96 to be received in our office no later than the end of the current month. (60% discount)

**- Option 2**
You can settle this account by making up to 12 payments of $100.77 with the 1st payment to be received in our office no later than the end of the current month. Payments 2-12 are due by the 30th of each following month. (30% discount)

**- Option 3**
You can contact our office to discuss a payment arrangement that fits your financial situation.

You can take advantage of this offer by making payment(s) online at EMERGENTBG.COM, by phone at 800-553-8647 or by mail at the address above.

Sincerely,
Emergent Servicing

**IMPORTANT INFORMATION CONTINUED BELOW**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**CALLS TO AND FROM EMERGENT SERVICING MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

***Click here to unsubscribe from future emails***

EXHIBIT C

From: <Reply@emergentbg.com>
Date: Thu, Apr 6, 2023, 13:19
Subject: "Settlement Offer" for your - Your MaxLend Account - xxxxxxxxx1521
To: Charles <charlie.smith31@gmail.com>



PO Box 190
Horsham, PA 19044

**Office Hours:**        M-TH 8:00AM - 9:00PM EST
                         Fri. 8:00AM - 5:00PM EST
                         Sat. 8:00AM - 1:00PM EST
**Office Phone**         800-553-8647

**Current Creditor:**    Maxlend
**Emergent Acct #:**     708351
**Original Creditor:**   MaxLend
**Original Acct#:**      162161521
**Current Balance:**     $1,727.40

Charles Smith

45 Bobolink Blvd
Browns Mills, NJ 08015


April 06, 2023

Dear Charles

**Tax Season Offer**


Whether you are getting a tax refund or not, we are still pleased to offer you of the following **repayment options to save you money and resolve your account.**

    **- Option 1**
You can settle this account by making a lump sum payment of $690.96 to be received in our office no later than the end of the current month. (60% discount)

    **- Option 2**
You can settle this account by making up to 12 payments of $100.77 with the 1st payment to be received in our office no later than the end of the current month. Payments 2-12 are due by the 30th of each following month. (30% discount)

    **- Option 3**
You can contact our office to discuss a payment arrangement that fits your financial situation.

You can take advantage of this offer by making payment(s) online at EMERGENTBG.COM, by phone at 800-553-8647 or by mail at the address above.

Sincerely,
Emergent Servicing


**IMPORTANT INFORMATION CONTINUED BELOW**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**CALLS TO AND FROM EMERGENT SERVICING MAY BE MONITORED AND/OR RECORDED FOR COMPLIANCE PURPOSES.**

***Click here to unsubscribe from future emails***